IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-41230
Summary Calendar
_____

RODNEY JAMES DILWORTH,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:97-CV-385
--------------------
February 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Rodney James Dilworth, Texas state prisoner #632515, has requested a certificate of appealability ("COA") allowing him to appeal the dismissal of his federal habeas corpus application filed pursuant to 28 U.S.C. § 2254. To obtain a COA, Dilworth must make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2).

To make such a showing, the applicant must demonstrate that his motion involves issues which are debatable among reasonable

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurists, that a court could resolve the issues differently, or that the issues are adequate to deserve encouragement to proceed further. Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000). When the district court's denial of relief is based on procedural grounds without analysis of the underlying constitutional claims, "a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 478 (2000).

Dilworth has failed to make a substantial showing of the denial of a constitutional right with respect to his claims that he was denied the effective assistance of counsel during his 1987 guilty plea proceedings resulting in his conviction for aggravated assault. This conviction was subsequently used to enhance the sentences imposed for Dilworth's 1992 convictions. Thus, his motion for COA is DENIED with respect to those claims.

However, jurists of reason would find it debatable whether the district court erred procedurally in denying Dilworth's motion to amend his complaint to directly challenge his 1992 convictions. See Slack, 529 U.S. at 484. Thus, Dilworth's motion for COA is GRANTED with respect to that claim.

The district court's judgment is VACATED with respect to its denial of Dilworth's motion to amend his petition, and this case is REMANDED to the district court for consideration of Dilworth's

challenges to his 1992 convictions raised in the amended

petition.

        COA GRANTED IN PART AND DENIED IN PART, JUDGMENT AFFIRMED IN
PART AND VACATED IN PART; REMANDED